Submitted August 2, affirmed September 21, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PATRICK JAMES AMOS,
*Defendant-Appellant.*

Multnomah County Circuit Court
090951030; A144830

263 P3d 1113

Peter Gartlan, Chief Defender, and Jedediah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Edmonds, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant, who was convicted of driving under the influence of intoxicants (DUII), ORS 813.010, argues that the trial court erred in denying his motion to suppress the results of a breath test showing a blood alcohol content of .11 percent. In particular, he asserts that, because the state failed to adduce sufficient evidence concerning whether a warrant could have been obtained, it did not demonstrate that the "exigent circumstances" exception to the warrant requirement was applicable. *State v. Machuca*, 347 Or 644, 227 P3d 729 (2010).

The pertinent facts are undisputed. Defendant was pulled over by a police officer on suspicion of driving while intoxicated at approximately 8:00 p.m. At 8:24 p.m., after defendant had performed field sobriety tests, the officer arrested defendant. The arresting officer transported defendant to a local precinct where defendant consented to take a Breathalyzer test. After the requisite observation period, the arresting officer conducted the breath test at 9:22 p.m. The arresting officer testified at trial about the procedures that he would have needed to follow to get a warrant, and he estimated that it would have taken one and one-half to two hours to obtain a warrant.

Defendant argues that, under *Machuca*, there is no *per se* rule that exigent circumstances exist in cases involving alcohol dissipation, and that the state must prove that it could not have obtained a warrant within a "reasonable" time.

In *Machuca*, the court stated that

"the evanescent nature of a suspect's blood alcohol content is an exigent circumstance that will ordinarily permit a warrantless blood draw of the kind taken here. We do so, however, understanding that particular facts may show, in the rare case, that a warrant could have been obtained and executed *significantly* faster than the actual process otherwise used under the circumstances. We anticipate that only in those rare cases will a warrantless blood draw be unconstitutional."

*Id.* at 657 (emphasis in original).

This is not, as defendant contends, the type of "rare case" posited in *Machuca*. Defendant was arrested for DUII after performing poorly on field sobriety tests and promptly transported to the precinct. The breath test was administered 58 minutes after the arrest. The undisputed testimony showed that obtaining a warrant would have taken an hour and one-half to two hours. Thus, the evidence did not establish that a warrant could have been obtained and executed faster, much less "significantly faster," than the actual process used in this case. *Id.*

Affirmed.